6542.  ALMAND *et al. v.* MORGAN COUNTY BANK.

RUSSELL, C. J.  1.  The evidence authorized the jury to find that the defendant had been served; especially since the burden was on the defendant to negative the entry of the sheriff, which showed legal service.

2.  When in 1908 a county court existed in a county and the county judge was disqualified in a civil case pending therein, and there was no clerk of the court other than the judge himself, the clerk of the superior court of the county was authorized to appoint a judge pro hac vice.  Code of 1895, § 4179.

3.  The original order of the clerk of the superior court, making the appointment of a judge pro hac vice of a county court, is not higher evidence of the appointment than the order as transcribed upon the minutes of the county court.  Perhaps a certified copy of the order, as transcribed upon the minutes of the court, would be the best evidence, but in this case the objection did not go to the extent of raising any question of priority between the minutes themselves and . a certified copy of the minutes.

4.  The court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED JANUARY 21, 1916.

Certiorari; from Morgan superior court—Judge Park.  March 2, 1915.

*M. C. Few,* for plaintiffs in error.

*E. H. George,* contra.

------

6588.  AYERS *v.* SWALL.

RUSSELL, C. J.  Under the provisions of section 3706 of the Civil Code, in all cases where a cropper unlawfully sells or otherwise disposes of any part of the crop, or seeks to exclude the landlord from possession of the crops or any portion thereof, while the title thereto remains in the landlord, the landlord has the right "to repossess said crops by possessory warrant."  *Landrum* v. *Smith,* 1 *Ga. App.* 215 (57 S. E. 913).  Under the special facts of this case, the cropper having sold the bale of cotton in question and the landlord's right of possession thereof being unquestioned, the error, if any, in refusing to dismiss the possessory warrant upon the ground that it was brought against the cropper to recover possession of an undivided half interest in personalty, was not harmful to the defendant.

2.  According to the answer of the magistrate, the defendant or his counsel having admitted in open court that he had sold the bale of cotton to which his landlord had both title and the right of possession, and having then and there refused to pay over the money which was the proceeds of the sale of the cotton, though admitting it to be within his